IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FISHER SAND & GRAVEL, CO., d/b/a**
**SOUTHWEST ASPHALT PAVING and FISHER**
**SAND & GRAVEL - NEW MEXICO, INC.,**

    **Plaintiffs,**
vs.                                                                                                                                      No.  10cv0635 RB/DJS

**FNF CONSTRUCTION, INC., PULICE**
**CONSTRUCTION, INC., GARY GIRON,**
**Individually and as Cabinet Secretary of the**
**New Mexico Department of Transportation,**
**MAX VALERIO, Individually and as Deputy**
**Secretary of the New Mexico Department of**
**Transportation, JED BILLINGS, Chief**
**Executive Officer of FNF Construction, Inc.,**
**and STEPHEN BASILA, President of**
**Pulice Construction, Inc.,**
**EXCHANGE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Gary Giron and Max Valerio's Motion to Stay Discovery Pending a Decision on Qualified Immunity **[Doc. No. 16]** filed on August 26, 2010, and fully briefed on October 27, 2010 (Notice of Completion, Doc. No. 40). Defendants seek a stay of discovery pending a ruling on their motion to dismiss in which they assert that qualified immunity bars Plaintiffs' due process claim. Plaintiffs oppose the motion. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is well taken and will be **GRANTED**.

Qualified immunity protects government officials from individual liability in a §1983 action unless the officials violated clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Moreover, the qualified immunity defense "protects public officials not only from liability, but from the burdens of discovery and litigation as well." *DeCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). When a party files a motion to dismiss based on qualified immunity, "discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). This is a purely legal question. *Id.*

Plaintiffs oppose Defendants' motion, arguing that "[t]he conduct of the NMDOT officials here is so egregious that it not only falls far outside the scope of qualified immunity but discovery is necessary to demonstrate just how extraordinary the conduct was." Resp. at 2. Plaintiffs contend they need to conduct discovery to "further illustrate that Defendants Gary Giron and Max Valerio could not have reasonably believed their conduct to have been lawful with regard to the handling of the award of the contract on the Las Cruces Project." *Id.* Therefore, Plaintiffs request discovery limited to the issue of qualified immunity. Plaintiffs contend limited discovery, such as Defendants' depositions and limited interrogatories requesting information as to the proper and typical process employed by NMDOT when awarding contracts, would demonstrate that "the conduct of Defendants Gary Giron and Max Valerio . . . was atypical and improper." *Id.* at 3. Plaintiffs also contend that staying discovery "would only serve to shield critical facts indicative of improper conduct that impermissibly taints the open bidding process that not only bidders, but the citizens of New Mexico, rely on as a fair process." *Id.* at 5.

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The court construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff. *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994). Thus, the motion requires the presiding judge to assume the truth of the factual allegations set forth in Plaintiffs' Verified Complaint for Civil Conspiracy, Civil Rico, Defamation, Injurious Falsehood, Tortious Interference with Prospective and Existing Contractual Relationships, Prima Facie Tort, and 42 U.S.C. §1983. (Doc. No. 1). In this case, Plaintiffs' filed a fifty-nine page complaint along with sixteen exhibits, for a total of 180 pages. A review of Plaintiffs' complaint indicates Plaintiffs facts in support of its claims and allegations against Defendants Giron and Valerio are quite specific.

Next, Plaintiffs argue that "there is no basis to impose a stay on all discovery at this time" because Plaintiffs "have alleged numerous claims for relief against four other defendants." Resp. at 3. Nonetheless, if discovery were to proceed with the other defendants, as a practical matter, Defendants Giron and Valerio would have to participate in ongoing discovery. This would defeat the purpose of the qualified immunity defense.

Defendants argue that "Plaintiffs do not have a constitutionally protected interest in state contracts they bid on but never were awarded." Repy at 1-2. Defendants assert that even assuming every allegation in the complaint was true, they are entitled to qualified immunity. However, that is for the presiding judge to determine. Based on the facts of this case and the applicable law, the Court will grant Defendants motion to stay discovery.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Gary Giron and Max Valerio's Motion to Stay Discovery Pending a Decision on Qualified Immunity [Doc. No. 16] is **GRANTED**. Discovery is stayed pending resolution of Defendants' motion to dismiss on the basis of qualified immunity (Doc. No. 17).

_____
**DON J. SVET**
**United States Magistrate Judge**