IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FISHER SAND & GRAVEL, CO., and**
**FISHER SAND & GRAVEL - NEW MEXICO, INC.,**

    **Plaintiffs,**

v.                                                                                       No. 10-cv-0635 RB/SMV

**FNF CONSTRUCTION, INC.;**
**PULICE CONSTRUCTION, INC.; GARY GIRÓN,**
**MAX VALERIO; JED BILLINGS; and**
**STEPHEN BASILA;**

    **Defendants.**

## **STIPULATED CONFIDENTIALITY ORDER**

THIS MATTER is before the Court upon stipulation of the parties for entry of a Confidentiality Order, the Court having reviewed the Stipulation, finds that the Stipulation is well-taken and hereby orders:

    1.    This Confidentiality Order shall govern the use and dissemination of all information, documents or materials that are produced by any party (the "Producing Party") in this action subsequent to the date of this Confidentiality Order and designated by the Producing Party as "Confidential Information," including information, documents or materials identified in the parties' respective answers to interrogatories, transcripts of depositions, responses to requests for admission, documents produced, and any other discovery or disclosure made in this action. This Confidentiality Order shall also govern the use and dissemination of all information, documents or materials that are produced by any non-party subsequent to the date of this Confidentiality Order, and designated as "Confidential Information" pursuant to paragraphs 8 or 9 of this Order.

2.      The term "document" or "documents," as used in this Confidentiality Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure and, for purposes of this Order, the term "document" includes all written, recorded, electronic, or graphic information, documents, or material, whether produced or created by a party, their counsel or any other person, whether produced pursuant to Rules of Civil Procedure, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped Confidential Document, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

## Confidential Information

3.      The term "Confidential Information," as used in this Confidentiality Order, is defined to include information or materials that constitute or contain trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, sensitive or proprietary personal, commercial, financial, technical, or competitive information, current and future marketing plans and data which touch upon the topic of price . The Producing Party may designate as "Confidential Information" any information, document, or material that it reasonably and in good faith believes constitutes or contains Confidential Information.  The designation shall be made by affixing on the first page of the document or material containing such information, and upon each page so designated, a legend that in substance states:  "CONFIDENTIAL," or "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER "  A document or material so designated is a "Confidential Document," as used in this Confidentiality Order.

4. Deposition transcripts may be designated Confidential Documents by indicating that fact on the record at the deposition. If the Producing Party has advised the court reporter that Confidential Information has been disclosed during a deposition, the court reporter shall include on the cover page of the transcript the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF PRODUCING PARTY] - SUBJECT TO CONFIDENTIALITY ORDER." No objection shall be interposed at deposition that an answer would elicit confidential information, but counsel may identify Confidential Information at the time it is disclosed. Within ten (10) business days of receipt of the initial deposition transcript, the Producing Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential Information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential Information and amend the cover page to reflect that these specific designations have been made. Counsel for other parties to this action may have immediate access to such deposition transcript, but prior to the page and line designations, shall treat the entire transcript as a Confidential Document.

5. Confidential Documents that have been produced in this litigation may be disclosed only to:

    a. This Court and its personnel;

    b. Outside counsel of record for the parties in this litigation, including persons employed by such counsel ("Outside Counsel");

    c. Named parties and employees and/or in-house counsel for the named parties;

    d.    Any consultant, investigator or expert (collectively, "Expert") who is actively assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance;

    e.    A deponent, but only during the course of his or her deposition and only to the extent reasonably necessary to enable such witness to testify;

    f.    Qualified court reporters taking testimony, videographers, necessary stenographic and clerical personnel, and outside services performing photocopying, imaging, and/or coding services;

    g.    An employee of a named party who is providing direct assistance in connection with this action, to the extent necessary to render such assistance;

    h.    Any person who authored or is identified as receiving a document at or near the time of the document's creation; and

    i.    Employees of third-party contractors involved in organizing, filing, coding, converting, scanning, storing, or retrieving data or designing programs or data structures for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system.

6.    If a party to this action wishes to disclose Confidential Documents to any person not described in paragraph 5 of this Confidentiality Order, permission to so disclose must be requested from the Producing Party in writing. The Producing Party shall have ten (10) business days from the date of receipt of the requesting party's request for disclosure in which to object in

writing to such disclosure. If the Producing Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise. In its discretion, the Court may award costs and expenses to the prevailing party with respect to such motions.

7. Prior to obtaining access to Confidential Documents, any person to whom Confidential Documents may be disclosed pursuant to paragraphs 5(d-h) and 6 (i.e., excluding persons described in paragraphs 5(a-c), this Court, its personnel, and Outside Counsel (including staff persons employed by such Outside Counsel)), shall be shown and shall read a copy of this Confidentiality Order and shall agree in writing to be bound by its terms by signing a copy of "Confidentiality Acknowledgment A," attached hereto as Exhibit A.

### Confidential Documents and Information Produced by Non-Parties

8. Any person or entity who is not a party to this action may designate documents or information produced to a Party in this action, (regardless of whether the documents or information are being produced voluntarily or pursuant to subpoena under Fed. R. Civ. P. 45), as "confidential" as defined in this Confidentiality Order at paragraphs 3 above, and any documents or information so designated shall be subject to all of the terms and conditions of this Confidentiality Order.

9. If any party believes a document subject to the above paragraph but not designated confidential by a non-party should nevertheless be considered confidential, it may make application to the court or special master. Such application shall only be granted for reasons shown and for extraordinary grounds.

10. Where a non-party to this action has been commanded to produce documents or attend a deposition pursuant to Fed. R. Civ. P. 45, a Party to this action may request that such

documents or deposition testimony be designated as "confidential" as defined in this Confidentiality Order, subject to the following conditions:

      a.    Within fourteen (14) days of the service of a document or deposition subpoena (or within seven (7) days of the entry of this order by the Court, whichever is later), the Party(s) requesting designation of documents or testimony as confidential shall notify in writing all other Parties in this action and the recipient of the subpoena of the request via certified mail—return receipt.

      b.    If a timely request has been made pursuant to sub-paragraph 9(a), above, the designated documents or testimony shall be deemed confidential and shall be subject to all of the terms and conditions of this Confidentiality Order.

## **General Provisions**

11.    Except to the extent expressly authorized in this Confidentiality Order, Confidential Information and Confidential Documents shall not be used or disclosed for any purpose other than for preparation and trial of this litigation and the two related cases, Fisher Sand & Gravel — New Mexico, Inc. v. NMDOT, et al., No. D-101-CV-2009-02606 in the First Judicial District Court, County of Santa Fe, State of New Mexico, and Fisher Sand & Gravel — New Mexico, Inc. v. Cope, No. D-101-CV-2011-03855 in the First Judicial District Court, County of Santa Fe, State of New Mexico, and/or of any appeal therefrom, and shall not be used for any other purpose, including business, governmental, commercial, or administrative proceedings.

12.    Any summary, abstract, compilation, copy, database, or other documents or portions thereof containing substantive information from such Confidential Documents (but not including "attorney work product" as defined in Fed. R. Civ. P. 26(b)(3)(B) (i.e. the attorney's

mental impressions, conclusions, opinions, or legal theories concerning the litigation); provided, however, that such "attorney work product" does not contain or disclose, directly or indirectly, any Confidential Documents or Confidential Information), or electronic image or database containing Confidential Documents shall be subject to the terms of the Confidentiality Order to the same extent as the material or information from which such summary, abstract, compilation, copy, database, or electronic image is made or derived.

   13. A party to this action may object to a designation at any time by notifying the Producing Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within ten (10) calendar days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Producing Party shall, within ten (10) calendar days of the conference submit the dispute by formal motion. Information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Confidentiality Order, the Producing Party shall, at its expense, provide to the other parties to this action one additional copy thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation.

   The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Where production results in an inadvertent disclosure of documents, information, and/or other materials that are subject to claims of protection under the attorney-client privilege, work product doctrine or other applicable evidentiary privilege allowing nondisclosure (collectively, "Privileged Material"), any Party inadvertently producing such materials may notify in writing any other Party that said production was an inadvertent

disclosure of Privileged Material and demand return thereof. On such demand, the other Party or Parties must return such Privileged Material and destroy all copies, extracts, summaries or records thereof.

14. Nothing in this Confidentiality Order shall be deemed to restrict in any manner the use by the Producing Party of any information in its own documents and materials; however, if the Producing Party uses its own documents and materials in a manner inconsistent with this Order, the protections of this Order shall be deemed waived with respect to such documents and materials.

15. All briefs, memoranda, motions, or other information filed with the Court that quote from, attach as an exhibit, or otherwise reveal Confidential Information pursuant to this Stipulation shall be treated as confidential and subject to the terms and conditions of this Stipulation. All court filings that contain Confidential Information shall be filed under seal pursuant to the Court Rules.

In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

16. If any party to this action or counsel for any party to this action receives notice of any subpoena or other compulsory process commanding production of Confidential Documents that the party has obtained under the terms of this Confidentiality Order, counsel for such party shall immediately notify counsel for the other parties to this agreement in writing, and shall not produce the Confidential Documents (unless prohibited by law or otherwise ordered by a court of competent jurisdiction) until all parties with an interest in protecting the Confidential Documents

have had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the parties with an interest in protecting the Confidential Documents to obtain relief from the subpoena or order prior to the due date of compliance, and, to give those parties an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

17. This Confidentiality Order shall not prevent any of the parties from moving this Court for an order that Confidential Documents may be disclosed other than in accordance with this Confidentiality Order. This Confidentiality Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. This Confidentiality Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the grounds that the information sought is confidential in nature.

18. Subject to the Federal Rules of Evidence, Confidential Documents may be offered at trial or any Court hearing in this action subject to the terms and conditions set forth herein. If Confidential Documents are to be used at trial, the procedures regarding such use shall be clearly set forth in the final Pre-Trial Order. By agreeing to this Confidentiality Order, neither party waives any rights to have any and all documents identified as trial exhibits or introduced at trial be open to public disclosure; and neither party waives any rights to have all trial testimony open to the public.

19. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Documents.

20.     No Waiver:

   a.   Review of the Confidential Documents, consistent with the terms of this order, by counsel, experts, or consultants for the Producing Party in the litigation shall not waive the confidentiality of such documents.

21.   Nothing contained in this Confidentiality Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Documents sought.

22.   In any application to the court or special master referred to or permitted by this order, the court or special master may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

Documents produced pursuant to this Confidentiality Order remain the property of the producing Party and do not, as a result of being produced pursuant to the Confidentiality Order, become "public records" as that term is used in the Inspection of Public Records Act (NMSA 1978 §§ 14-2-1 et seq.) and shall not be deemed to be used, created, received maintained or held by or on behalf of any public body or to relate to public business by virtue of being produced pursuant to the Confidentiality Order.

23.   This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Confidentiality Order, notwithstanding the termination of this action.   Within sixty (60) days after conclusion of this action, including the exhaustion of all appeals, all Confidential Documents produced in this litigation (other than documents filed in the official court record) shall be returned to the Producing Party or destroyed.  Except for the Court and its personnel, Counsel for any party or third party receiving Confidential Documents shall make written

certification of compliance with this provision and shall deliver the same to counsel for each Producing Party within one hundred twenty (120) days after the conclusion of this action. Notwithstanding the foregoing, an Expert, as defined in Paragraph 5(d), i.e., an outside retained expert, shall be allowed to keep transcripts of his or her own individual testimony in this action, on the conditions that the Expert shall not retain any documents referred to or marked in the deposition as Confidential. Outside counsel may retain intact any pleading, transcript (including exhibits), or work-product that includes or references information protected under this stipulation, but shall continue to preserve its confidentiality.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

JOINTLY SUBMITTED
AND APPROVED BY:

| | |
|---|---|
| By: /s/ Timothy C. Holm | By: /s/William J. Quinlan |
| Timothy C. Holm | William J. Quinlan |
| Barry J. Berenberg | THE QUINLAN LAW FIRM, LLC |
| Post Office Box 2168 | 20 South Clark Street, Suite 2900 |
| MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A. | Chicago, IL 60603 |
| | Telephone: (312) 629-6012 |
| Bank of America Centre | wjq@quinlanfirm.com |
| 500 Fourth Street NW, Suite 1000 | *Attorneys for Plaintiff* |
| Albuquerque, New Mexico 87103-2168 | |
| Telephone: 505.848.1800 | |
| tholm@modrall.com | |
| bjb@modrall.com | |
| *Attorneys for Plaintiff* | |

By:   */s/ Nancy R. Long*
Nancy R. Long
Justin W. Miller
Long, Pound & Komer, P.A.
P.O. Box 5098
Santa Fe, New Mexico 87502-5098
nancy@longpoundkomer.com
Justin@longpoundkomer.com
*Attorneys for Gary Giron and Max Valerio*

By:   */s/ Robert E. Hanson*
Charles Robert Peifer
Robert E. Hanson
Lauren Keefe
Peifer, Hanson & Mullins
P.O. Box 25245
Albuquerque, NM 87125
cpeifer@peiferlaw.com
rhanson@peiferlaw.com
lkeefe@peiferlaw.com
*Attorneys for FNF Construction, Inc.*

By:   */s/ David W. Bunting*
Andrew G. Shultz
David W. Bunting
Margot A. Heflick
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM 87106
aschultz@rodey.com
dbunting@rodey.com
mheflick@rodey.com
*Attorneys for Pulice Construction, Inc.*
  *and Stephen Basila*

By:   */s/ Billy R. Blackburn*
Billy R. Blackburn
Attorney for Jed Billings
1011 Lomas Blvd. NW
Albuquerque, New Mexico 87102-1952
billy@bblackburnlaw.com
*Attorney for Defendant Jed Billings, Chief Executive Officer of FNF Construction, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FISHER SAND & GRAVEL, CO., and**
**FISHER SAND & GRAVEL - NEW MEXICO, INC.,**

    **Plaintiffs,**

v.                                                                                          No. 10-cv-0635 RB/SMV

**FNF CONSTRUCTION, INC.;**
**PULICE CONSTRUCTION, INC.; GARY GIRÓN,**
**MAX VALERIO; JED BILLINGS; and**
**STEPHEN BASILA;**

    **Defendants.**

## CONFIDENTIALITY ACKNOWLEDGMENT A

    I, _____, being duly sworn on oath, state the following:

    1.    I have read and understand the Confidentiality Order to which this Exhibit A is annexed and I attest to my understanding that access to documents designated Confidential Documents may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Confidentiality Order. I agree to be bound by the terms of the Confidentiality Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Confidentiality Order.

    2.    I shall not use or disclose to others, except in accordance with the Confidentiality Order, any Confidential Documents or Information. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Confidentiality Order, I understand that I may be subject to further order of the Court.

Dated:_____

                                                                               _____
Signature

                                                                               _____
Printed Name

                                                                               _____
Address

                                                                               _____
Individual or Entity Represented

Subscribed and sworn to before me on _____, 2013.

                                                                               _____
Notary Public

[seal]

                                                                               My Commission Expires:

                                                                               _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FISHER SAND & GRAVEL, CO., and**
**FISHER SAND & GRAVEL - NEW MEXICO, INC.,**

    **Plaintiffs,**

v.     No. 10-cv-0635 RB/SMV

**FNF CONSTRUCTION, INC.;**
**PULICE CONSTRUCTION, INC.; GARY GIRÓN,**
**MAX VALERIO; JED BILLINGS; and**
**STEPHEN BASILA;**

    **Defendants.**

## CONFIDENTIALITY ACKNOWLEDGMENT B

I, _____, being duly sworn on oath, state the following:

1. I have been retained by _____ [party] to serve as an Expert in this action.

2. I have read and understand the Confidentiality Order to which this Exhibit B is annexed and I attest to my understanding that access to documents designated Confidential Documents may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Confidentiality Order. I agree to be bound by the terms of the Confidentiality Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Confidentiality Order.

3. I shall not use or disclose to others, except in accordance with the Confidentiality Order, any Confidential Documents or Information. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Confidentiality Order, I understand that I may be subject to further order of the Court.

1 – Exhibit B

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

Subscribed and sworn to before me on _____, 2013.

_____
Notary Public

[seal]

My Commission Expires:

_____