IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FISHER SAND & GRAVEL CO.
d/b/a SOUTHWEST ASPHALT PAVING and
FISHER SAND & GRAVEL – NEW MEXICO, INC.,

      Plaintiff,

vs.  No. 10-cv-0635 RB/SMV

FNF CONSTRUCTION, INC.,
PULICE CONSTRUCTION, INC.,
GARY GIRÓN, individually and as Cabinet Secretary
of the New Mexico Department of Transportation,
MAX VALERIO, individually and as Deputy Secretary
of the New Mexico Department of Transportation,
JED BILLINGS, Chief Executive Officer
of FNF Construction, Inc., and
STEPHEN BASILA, President of Pulice Construction, Inc.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS**

This matter is before the Court on a Motion to Strike as to the Plaintiffs' Claims Concerning the Las Cruces Project and Dismiss as to the Plaintiffs' Claims Concerning the Harding County Project, filed by Defendants Gary Girón and Max Valerio. (Doc. 142). Fisher Sand & Gravel, Co., d/b/a Southwest Asphalt Paving, and Fisher Sand & Gravel – New Mexico, Inc. (collectively, "Fisher") brought suit against Girón and Valerio individually and as officials of the New Mexico Department of Transportation ("NMDOT") based on their alleged collusion with Fisher's competitors to drive Fisher from the construction market in New Mexico. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, the Court grants the motion.

I. **Legal Standards**

Rule 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim for relief that plausibly, not merely possibly, entitles the plaintiff to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). In considering a motion to dismiss, the court must look within the four corners of the complaint and accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). However, the court need not accept as true legal conclusions contained in the complaint. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In the context of a § 1983 action against multiple individual governmental actors, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). A plaintiff bringing a § 1983 action is required to "allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). For a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). If a plaintiff fails to sufficiently allege either the "violation of right" or "clearly established" prong, the defendant is entitled to qualified immunity. A court considering

qualified immunity is not required to dispose of the two prongs in any particular sequence but may address them in the order dictated by the circumstances of the individual case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Generally, courts considering Rule 12(b)(6) motions must confine their review to the complaint and other pleadings; if the parties present matters outside the pleadings for the court's consideration, the motion may be converted to one for summary judgment. FED. R. CIV. P. 12(d). However, there are some exceptions. A court may consider documents attached to a plaintiff's complaint on a motion to dismiss without converting it. *See* FED. R. CIV. P. 10(c). Moreover, even if a plaintiff does not attach a document to the complaint, the court may consider documents that are referenced in the complaint if they are central to the plaintiff's claims and the parties do not dispute their authenticity. *Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (citation omitted); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (citations omitted).

## II.     Background

Fisher filed its Amended Complaint (Doc. 81, Verified Amended Complaint) after prolonged litigation resulted in the dismissal of its initial claims against Girón and Valerio. (Doc. 55; Doc. 73; Doc. 82). In the original complaint, Fisher asserted substantive due process, procedural due process, and tortious interference claims against Girón and Valerio based on their allegedly improper conduct in reviewing the bids for a road construction project in Las Cruces, New Mexico (the "Las Cruces project").[1] This Court dismissed Fisher's tortious interference claim as well as its claim that NMDOT, through Girón and Valerio, failed to follow the proper procedures, finding that neither substantive nor procedural due process protect a bidder's

---

[1] The Amended Complaint includes allegations based on a cancelled road construction project in Harding County, New Mexico (the "Harding County project"), which was not at issue in the original complaint.

3

entitlement to certain procedures in the bid review process. (Doc. 55 at 19-20, 26-28). However, the Court denied the motion to dismiss Fisher's claim based on its alleged property interest in the Las Cruces project. (*Id.* at 22-23). Because there was an issue of fact as to whether NMDOT and Fisher had reached a mutually explicit understanding that Fisher would be awarded the contract, the Court could not determine whether a protected property interest had arisen. (Doc. 55 at 22-23).

Girón and Valerio appealed the Court's decision to the Tenth Circuit, and the Tenth Circuit concluded that qualified immunity did immunize Girón and Valerio from suit on all of Fisher's original claims. *Fisher Sand & Gravel, Co. v. Girón*, 465 F. App'x 774 (10th Cir. 2012) (unpublished). Specifically, the Tenth Circuit determined that Fisher did not have a due process property interest in the contract for the Las Cruces project. *Id.* at 781-82. To have a protected property interest, the court held, Fisher was required to have an enforceable contract. *Id.* at 782. New Mexico law requires a "valid written contract" to render a contract with a governmental entity enforceable. *Id.* (citing N.M. STAT. ANN. § 37-1-23(A); *Eaton, Martinez & Hart, P.C. v. Univ. of N.M. Hosp.*, 934 P.2d 270, 272 (N.M. 1997)). Because the contract for the Las Cruces project was an implied contract at best, the Tenth Circuit found that there was no enforceable contract under state law and no protected property interest. *Id.* at 782-83.

Fisher reasserted its claims against Girón and Valerio in their individual and official capacities in one count of its Amended Complaint.[2] (Am. Compl. at ¶¶ 293-334). Fisher alleges that Girón and Valerio acted in concert with one of Fisher's competitors under color of law to violate substantive and procedural requirements of the Procurement Code and to deprive Fisher

---

[2] Count VII of Fisher's Amended Complaint is also asserted against Defendant Valerio. (*See* Am. Compl. at 50). However, Fisher acknowledges that this Court previously dismissed any claim against Valerio for tortious interference with contractual relations, and it states that Valerio is included as a Defendant in Count VII solely for the purpose of preserving the issue for appeal. (*See id.* at 50 n.4).

of a definite liberty or property interest with regard to the Las Cruces and Harding County projects. (*Id.* at ¶ 294). Specifically, Fisher asserts that FNF secretly protested Fisher's bid on the Las Cruces project by suggesting to Valerio that Fisher was not a responsible bidder. (*Id.* at ¶ 296). As a result of the information provided by FNF, Valerio took certain actions that did not comport with the Procurement Code and ultimately resulted in Fisher receiving the contracts for neither the Las Cruces project nor the Harding County project, though it was the lowest responsible bidder for both projects. (*Id.* at ¶¶ 296, 299-303).

Fisher alleges that it had an interest in the contracts and in the right to have the contracts awarded in accordance with the law and the Procurement Code. (*Id.* at ¶¶ 306, 325). Fisher's alleged interest in the Las Cruces project contract was based on the fact that it was the lowest bidder and on two requests made to it by NMDOT for an extension of time to award the contract. (*Id.* at ¶ 304). Fisher alleges that it had a definite interest in the Harding County project because NMDOT sent it a letter advising that it had received the preliminary award of the contract, which included the contract for Fisher's execution. (*Id.* at ¶¶ 312-13, 316-17; Award Letter, Doc. 142 Ex. A). Ultimately, Fisher did not receive either contract, as NMDOT cancelled the Harding County project entirely and rejected all bids on the Las Cruces project, thereafter submitting the project for rebidding. (Am. Compl. at ¶¶ 133, 136-37, 323). Fisher alleges that FNF, Girón and Valerio "shared a common unconstitutional goal[,]" which was "to deprive Fisher NM of NMDOT contracts . . . ." (*Id.* at ¶¶ 301, 327).

Girón and Valerio moved to dismiss Fisher's amended claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 149). They assert that Fisher's claims are barred by qualified immunity, do not satisfy the pleading requirements, and have already been dismissed by this Court. (Doc. 142 at 1-2). Fisher opposes the motion in part. (Doc. 149). Fisher

does not dispute that any substantive due process claim and the procedural due process claim based on the Las Cruces project have already been resolved as to Girón and Valerio. (*See* Doc. 149). However, Fisher strongly argues that it had a protected property interest in the Harding County project, in that it received the "preliminary award" of the project in writing. (*See id.*).

**III.    Analysis**

Fisher claims that its right to procedural due process was violated when NMDOT, through and because of Girón and Valerio, rejected its bid on the Las Cruces project and cancelled the Harding County project. A claim under 42 U.S.C. § 1983 requires a plaintiff to allege "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State . . . ." *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)) (alteration omitted). Girón and Valerio contend that no constitutional violation occurred and that, even if there was a violation of a right, they are entitled to qualified immunity because the right was not clearly established.

To state a claim for a procedural due process violation, a plaintiff must first demonstrate that he possessed a constitutionally cognizable liberty or property interest. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (quoting *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000)). "To be constitutionally cognizable, 'the interest must rise to more than an abstract need or desire and must be based on more than a unilateral hope.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1199 (10th Cir. 2010) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Once the plaintiff meets this threshold, he must demonstrate that (1) he was deprived of that interest (2) without constitutionally sufficient

procedural protections. *Id.* at 1200 (citation omitted); *Narotzky v. Natrona Cnty. Mem. Hosp. Bd. of Trs.*, 610 F.3d 558, 564 (10th Cir. 2010) (citing *Stears v. Sheridan Cnty. Mem. Hosp. Bd. of Trs.*, 491 F.3d 1160, 1162 (10th Cir. 2007)).

In the instant matter, Fisher cannot demonstrate that it had a constitutionally cognizable property interest in either road construction project. With regard to the Las Cruces project, Fisher admits, as it must, that the claim is foreclosed by the law of the case. The Tenth Circuit has already determined that Fisher did not have a constitutionally protected property interest in the Las Cruces project and that, as a result, no due process violation occurred when NMDOT rejected all bids on the project. *Fisher Sand & Gravel*, 465 F. App'x at 783. Because this determination set out a ruling as a matter of law, it constitutes the law of the case and continues to govern Fisher's alleged property interest in the Las Cruces project. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (citations omitted). The Tenth Circuit's determination, then, requires the Court to dismiss the claim to the extent it is based on Fisher's constitutionally protected interest in the Las Cruces project.

Reaching Fisher's claims based on the Harding County project, the Court need look no further than the Tenth Circuit's opinion in this matter to conclude that Fisher had no constitutionally protected property interest in the contract for the Harding County project. The Tenth Circuit expressly held that no protected property interest arises until there is an enforceable agreement between the parties. *Fisher Sand & Gravel*, 465 F. App'x at 781. In New Mexico, an agreement with a governmental entity is only enforceable if it is based on a "valid written contract."[3] *Id.* at 782 (citation omitted). There is no dispute that Fisher did not have a valid written contract. Instead, Fisher rests its claim on the letter it received from Tamara Haas

---

[3] The NMDOT Standard Specifications further confirm that "[n]o Contract shall be effective until it has been fully executed by the Department and the Contractor." NMDOT Standard Specification 103.7, attached as Exhibit B to Doc. 142.

7

on behalf of NMDOT stating that Ms. Haas was giving the preliminary award of the Harding County project contract to Fisher. (Doc. 142 Ex. A). Attached to that letter was a written contract; however, the contract had yet to be executed by NMDOT, a fact that Fisher admits. (*See id.*; Doc. 149 at 7). Additionally, the letter clearly indicates that NMDOT did not intend for it to constitute a valid written contract, as NMDOT reserved "the right to cancel the award of the contract at any time before execution without any liability against the Department." (Doc. 142 Ex. A). The letter and unexecuted contract did not create an enforceable agreement between the parties as to the Harding County project. Because Fisher did not have a protected property interest in the contract for the Harding County project, there can be no deprivation of due process, and Fisher's claim must fail.

For the reasons expressed by the Tenth Circuit, the fact that this claim is also asserted against Girón and Valerio in their individual capacities does not alter the Court's conclusion. *See Fisher Sand & Gravel*, 465 F. App'x at 782-83. Without a property interest in the Harding County project based on an enforceable agreement with NMDOT, Fisher had no due process right that the individual Defendants could violate. The claim against Girón and Valerio in their individual capacities must be dismissed.

The Court finds that Fisher did not have a protected property interest in the contracts for the Las Cruces and Harding County projects and that, as a result, no constitutional violation occurred. Consequently, Girón and Valerio are entitled to qualified immunity on Fisher's claims against them.

**THEREFORE,**

**IT IS ORDERED** that Girón and Valerio's Motion to Dismiss, filed November 7, 2012 (Doc. 142), is **GRANTED**.

**IT IS FURTHER ORDERED** that Fisher's claim under 42 U.S.C. § 1983 is dismissed,[4] and Gary Girón and Max Valerio are dismissed as Defendants to this action.

                                                                                         _____
                                                                                         ROBERT C. BRACK
                                                                                         UNITED STATES DISTRICT JUDGE

---

[4] Though Count IX of Fisher's Amended Complaint is brought against FNF as well as Girón and Valerio, the claims in Count IX against FNF have already been dismissed. (Doc. 188 at 18).