IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FISHER SAND & GRAVEL CO.
d/b/a SOUTHWEST ASPHALT PAVING and
FISHER SAND & GRAVEL – NEW MEXICO, INC.,

      Plaintiff,

vs.                                                        No. 10-cv-0635 RB/SMV

FNF CONSTRUCTION, INC.,
PULICE CONSTRUCTION, INC.,
GARY GIRÓN, individually and as Cabinet Secretary
of the New Mexico Department of Transportation,
MAX VALERIO, individually and as Deputy Secretary
of the New Mexico Department of Transportation,
JED BILLINGS, Chief Executive Officer
of FNF Construction, Inc., and
STEPHEN BASILA, President of Pulice Construction, Inc.,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**AND DENYING IN PART MOTION TO DISMISS BY JED BILLINGS**

This case arises out of the bidding process on multiple road construction projects in New Mexico and Arizona. After submitting bids, Defendant FNF Construction, Inc. ("FNF"), by and through Chief Executive Officer Jed Billings, allegedly contacted government officials in New Mexico and Arizona and provided false or misleading information about Plaintiffs Fisher Sand & Gravel, Co., d/b/a Southwest Asphalt Paving, and Fisher Sand & Gravel – New Mexico, Inc., (collectively, "Fisher") in an effort to exclude Fisher from the construction market. This matter is before the Court on Billings' Motion to Dismiss Counts I, II, IV, V, X, and XI of the Amended Complaint for the reasons described in the four motions to dismiss filed by FNF. (Doc. 174). The Court has ruled on each of FNF's motions. (*See* Doc. 176; Doc. 180; Doc. 184; Doc. 188). For

the reasons explained in each Memorandum Opinion and Order, Billings' Motion to Dismiss is granted in part and denied in part.

Billings first asks the Court to dismiss all counts based on the *Noerr-Pennington* doctrine and the First Amendment. For the reasons explained in the Court's Memorandum Opinion and Order Denying Motion to Dismiss No. 1, Billings' request is similarly denied. (*See* Doc. 176).

Billings next asks the Court to dismiss all of Fisher's common law claims against him based on privileges recognized in New Mexico and Arizona. For the reasons explained in the Court's Memorandum Opinion and Order Denying Motion to Dismiss No. 2, Billings' request is denied. (*See* Doc. 184).

Billings asserts that Counts I and IV should be dismissed against him because the allegations that Billings made malicious false statements are not supported by sufficient facts. For the reasons explained in the Court's Memorandum Opinion and Order Granting in Part and Denying in Part Motion to Dismiss No. 3, Billings' request is denied. (*See* Doc. 180). This Court has already concluded that the allegations against Billings are sufficient to state a claim.

Billings requests the dismissal of Fisher's Racketeer Influence and Corrupt Organization Act ("RICO") claim because Fisher's allegations are insufficient to support such a claim. For the reasons explained in the Court's Memorandum Opinion and Order Granting in Part and Denying in Part Motion to Dismiss No. 4, Billings' request is denied. (*See* Doc. 188 at 9-15). This Court has concluded that Fisher sufficiently alleged a viable RICO claim.

Finally, Billings asks the Court to dismiss Count XI, asserting that Fisher lacks standing to bring a claim under the New Mexico Unfair Trade Practices Act ("UPA") against him. The Court granted FNF's motion to dismiss Fisher's UPA claim against it, concluding that the UPA does not provide standing to business competitors. (Doc. 188 at 15-18). The Court recently

reaffirmed this conclusion in ruling on Fisher's Motion to Reconsider. Because Billings, like FNF, is Fisher's competitor and did not provide Fisher with goods or services, Fisher lacks standing to proceed on its UPA claim against Billings. As such, and for the reasons explained in the Court's Memorandum Opinion and Order Granting in Part and Denying in Part Motion to Dismiss No. 4 and the Court's Order Denying Motion to Reconsider, Count XI of Fisher's Amended Complaint is dismissed.

    **THEREFORE,**

    **IT IS ORDERED** that Defendant Jed Billings' Motion to Dismiss Counts I, II, IV, V, X, and XI of Amended Complaint, filed February 22, 2013 (Doc. 174), is **GRANTED** to the extent it requests the dismissal of Count XI, Fisher's UPA claim.

    **IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**