IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FISHER SAND & GRAVEL, CO.
d/b/a/ SOUTHWEST ASPHALT PAVING and
FISHER SAND & GRAVEL – NEW MEXICO, INC.,

          Plaintiff,

v.                                                 Case No. 1:10-cv-00635 RB/SMV

FNF CONSTRUCTION, INC.,
PULICE CONSTRUCTION, INC.,
GARY GIRON, individually and as Cabinet Secretary
of the New Mexico Department of Transportation,
MAX VALERIO, individually and as Deputy Secretary
of the New Mexico Department of Transportation,
JED BILLINGS, Chief Executive Officer
of FNF Construction, Inc., and
STEPHEN BASILA, President of
Pulice Construction, Inc.

          Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS FISHER SAND
& GRAVEL CO.'S MOTIONS TO COMPEL [DOC NOS. 269, 270, 280, & 286]**

THIS MATTER came before the Court on five motions to compel filed by Plaintiffs Fisher Sand & Gravel, Co. and Fisher Sand & Gravel – New Mexico, Inc.'s (Fisher). Those motions are Fisher's Motion to Compel Defendant FNF Construction Inc. To Provide Responsive Information to Fisher's First Interrogatories and Requests for Production [Doc. No. 269], Fisher's Motion to Compel Defendant Jed Billings to Provide Responsive Information to Fisher's First Interrogatories and Requests for Production [Doc. No. 270], Fisher's Motion to Compel Defendant Stephen Basila to Provide Responsive Information to Fisher's First Interrogatories and Requests for Production [Doc. No. 285], Fisher's Motion to Compel Defendant Pulice Construction Inc. to Provide Responsive Information to Fisher's First Interrogatories and Requests for Production, and Fisher's Motion to Compel Defendant FNF

Construction Inc. to Produce Information Identified in Privilege Logs [Doc. No. 280]. The Court having reviewed the briefing and having heard arguments of counsel concludes that the motions should be granted in part and denied in part as follows:

I. **Fisher's Motion to Compel Defendant FNF Construction Inc. To Provide Responsive Information to Fisher's First Interrogatories and Requests for Production [Doc. No. 269]**

    A. Fisher's Motion to Compel FNF is granted in part and denied in part with respect to Interrogatory Nos. 3 and 4. FNF must identify all non-privileged communications with the entities identified in those interrogatories that mention Fisher, that relate to the claims made in Fisher's complaint, and which were made between May 2009 and July 6, 2010.

    B. Fisher's Motion to Compel FNF is denied as it pertains to Interrogatory No. 31. Fisher is permitted to serve FNF with additional discovery regarding this topic which is more narrowly tailored.

    C. Fisher's Motion to Compel FNF is granted in part and denied in part as it pertains to Requests for Production 17, 19, 20, and 21. FNF must produce all non-privileged communications with the individuals and entities identified in those requests that mention Fisher, that relate to the claims made in Fisher's complaint, and which were made between May 2009 and July 6, 2010.

    D. Fisher's Motion to Compel FNF is denied as it pertains to Request for Production Nos. 31, 40 and 41.

    E. Fisher's Motion to Compel FNF is denied as it pertains to Request for Production No. 50.

    F.  Fisher's Motion to Compel is denied as moot as it pertains to Request for Production Nos. 59 and 60 due to Fisher's withdrawal of that portion of its motion.

    G.  Fisher's Motion to Compel FNF is denied as it pertains to Request for Production No. 62. But, FNF must prepare a verified financial statement reflecting FNF's current financial status and must produce that statement to the Court on the date on which dispositive motions must be filed if FNF does not file a motion regarding punitive damages, or upon denial of any motion regarding punitive damages if FNF files such a motion.

**II.   Fisher's Motion to Compel Defendant Jed Billings to Provide Responsive Information to Fisher's First Interrogatories and Requests for Production [Doc. No. 270]**

    A.  Fisher's Motion to Compel Jed Billings is granted in part and denied in part as it pertains to Interrogatory No. 23. Mr. Billings must produce all non-privileged communications with the individuals and entities identified in those requests that mention Fisher, that relate to the claims made in Fisher's complaint, and which were made between May 2009 and July 6, 2010.

    B.  Fisher's Motion to Compel Jed Billings is denied as it pertains to Interrogatory No. 26. Fisher is permitted to serve Mr. Billings with additional discovery regarding this topic which is more narrowly tailored.

    C.  Fisher's Motion to Compel Jed Billings is granted in part and denied in part as it pertains to Request for Production No. 16. Mr. Billings must produce all non-privileged communications with the individuals and entities identified in those

       requests that mention Fisher, that relate to the claims made in Fisher's complaint, and which were made between May 2009 and July 6, 2010.

   D. Fisher's Motion to Compel Jed Billings is denied as it pertains to Request for Production No. 25

   E. Fisher's Motion to Compel Jed Billings is denied as moot as it pertains to Requests for Production 33, 44, and 45.

**III. Fisher's Motion to Compel Defendant Stephen Basila to Provide Responsive Information to Fisher's First Interrogatories and Requests for Production [Doc. No. 285]**

   A. Fisher's Motion to Compel Stephen Basila is granted in part and denied in part as it pertains to Interrogatory Nos. 3 and 4. Mr. Basila must produce all non-privileged communications with the individuals and entities identified in those requests that mention Fisher, that relate to the claims made in Fisher's complaint, and which were made between May 2009 and July 6, 2010.

   B. Fisher's Motion to Compel Stephen Basila is denied as moot as it pertains to Interrogatory Nos. 14 and 36.

**IV. Fisher's Motion to Compel Defendant Pulice Construction Inc. to Provide Responsive Information to Fisher's First Interrogatories and Requests for Production**

   A. Fisher's Motion to Compel Pulice is denied as moot as it pertains to Interrogatory Nos. 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, and 13.

   B. Fisher's Motion to Compel Pulice is granted in part and denied in part as it pertains to Interrogatory No. 2.  Pulice must produce all non-privileged communications with the individuals and entities identified in that request that mention Fisher, that relate to the

claims made in Fisher's complaint, and which were made between March 2009 and July 6, 2010.

C. Fisher's Motion to Compel Pulice is granted in part and denied in part as it pertains to Interrogatory No. 7 and Request for Production No. 13. Pulice must produce all non-privileged communications with the individuals and entities identified in that request that mention Fisher, that relate to the claims made in Fisher's complaint, and which were made between May 2009 and July 6, 2010.

D. Fisher's Motion to Compel Pulice is denied as it pertains to Interrogatory Nos. 14 and 15. Pulice is encouraged to supplement its response by providing Fisher with a list of all claims or lawsuits which are similar to the issues involved in this litigation. Pulice is not required to so supplement.

E. Fisher's Motion to Compel Pulice is denied as moot as it pertains to Interrogatory Nos. 17 and 27.

F. Fisher's Motion to Compel Pulice is denied as it pertains to Interrogatory No. 28 and Request for Production Nos. 58, 59, and 60.

G. Fisher's Motion to Compel Pulice is denied as moot as it pertains to Interrogatory No. 33.

H. Fisher's Motion to Compel Pulice is denied as it pertains to Request for Production No. 17.

I. Fisher's Motion to Compel Pulice is denied as it pertains to Request for Production No. 42.

  J. Fisher's Motion to Compel Pulice is denied as it pertains to Request for Production No. 47. But, Pulice must prepare a verified financial statement reflecting Pulice's current financial status.

**V. Fisher's Motion to Compel Defendant FNF Construction Inc. to Produce Information Identified in Privilege Logs [Doc. No. 280]**

  A. Fisher's Motion to Compel Defendant FNF Construction Inc. to Produce Information Identified in Privilege Logs is denied as moot due to the parties' agreement that FNF will produce the certain emails which are the subject of Fisher's Motion. The parties agree that FNF's production of the emails will not constitute a subject matter waiver but that Fisher has the right to raise any waiver issues which may arise from the content of the emails.

To the extent that Fisher's motion was granted, Defendants shall supplement their Answers and Responses and produce all responsive documents no later than close of business on November 1, 2013.

  IT IS SO ORDERED.

_____
STEPHAN M. VIDMAR
United States Magistrate Judge

Submitted By:
PEIFER, HANSON & MULLINS, P.A.

By: *Electronically Approved November 8, 2013*
    Charles R. Peifer
    Robert Hanson
    Lauren Keefe
    P.O. Box 25245
    Albuquerque, NM 87125-5245
    *Attorneys for Defendant FNF Construction, Inc.*

Approved By:

BLACKBURN LAW OFFICES

By: *Electronically Approved November 1, 2013*
    Billy Blackburn
    Paul Linnenburger
    1011 Lomas Blvd. NW
    Albuquerque, NM 87102-1952
    *Attorneys for Defendant Jed Billings*

RODEY, DICKASON, SLOAN, AKIN
  & ROBB, P.A.

By: *Electronically Approved November 8, 2013*
    Andrew G. Schultz
    David W. Bunting
    Margot A. Heflick
    RODEY, DICKASON, SLOAN, AKIN
       & ROBB, P.A.
    P.O. Box 1888
    Albuquerque, NM 87106-1888
    *Attorneys for Defendants Pulice Construction, Inc. and Stephen Basila*

MODRALL SPERLING ROEHL HARRIS
& SISK, PA

By: */s/ Jeremy K. Harrison*
    Timothy C. Holm
    Jeremy K. Harrison
    P. O. Box 2168
    Albuquerque, NM 87103-2168

- and -

William J. Quinlan
Quinlan Law Firm
Two First National Plaza
20 S. Clark, Suite 2900
Chicago, IL 60603
*Attorneys for Plaintiffs*

7