IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FISHER SAND & GRAVEL CO.
d/b/a SOUTHWEST ASPHALT PAVING and
FISHER SAND & GRAVEL – NEW MEXICO, INC.,

      Plaintiff,

vs.                                                                                          No. 10-cv-0635 RB/SMV

FNF CONSTRUCTION, INC.,
PULICE CONSTRUCTION, INC.,
GARY GIRÓN, individually and as Cabinet Secretary
of the New Mexico Department of Transportation,
MAX VALERIO, individually and as Deputy Secretary
of the New Mexico Department of Transportation,
JED BILLINGS, Chief Executive Officer
of FNF Construction, Inc., and
STEPHEN BASILA, President of Pulice Construction, Inc.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on The Travelers Indemnity Company and The Travelers Indemnity Company of America ("Travelers'") Motion for Limited Intervention (Doc. 488). Plaintiffs and Defendants oppose this motion. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court **DENIES** this motion.

      **I.**     **Background**

Fisher Sand & Gravel, Co. and Fisher Sand & Gravel - New Mexico, Inc. ("Fisher"), FNF Construction, Inc. ("FNF"), and Pulice Construction, Inc. ("Pulice") are competitors in the bidding process for state road construction projects in Arizona and New Mexico. Jed Billings is the Chief Executive Officer of FNF, and Steve Basila is the President of Pulice. After the federal government indicted Fisher and three of its former officers for tax fraud, Fisher entered into a

Deferred Prosecution Agreement ("DPA") in May 2009. Shortly thereafter, according to Fisher, Pulice and FNF utilized Fisher's legal problems in a bad faith effort to defame Fisher's business reputation and convince state authorities in Arizona and New Mexico to refrain from awarding state contracts to Fisher. On July 6, 2010, Plaintiff filed suit against Defendants in this Court, alleging claims for civil conspiracy, defamation, injurious falsehood, tortious interference with contractual relations, prima facie tort, violation of 42 U.S.C. § 1983, violation of the Racketeer Influenced Corrupt Organization Act, and violation of the New Mexico Unfair Practices Act. (Doc. 1).

Travelers issued insurance policies to FNF and Pulice covering the relevant time period. (Doc. 488). By August 2010, Defendants notified Travelers of the lawsuit. (Doc. 561-1). Travelers is defending FNF, Billings, Pulice, and Basila under a reservation of rights. (*Id.*) The insurance policies contain the following exclusion:

> b. Material Published With Knowledge of Falsity
> "Personal injury," "advertising injury" or "website injury" arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity.

(Doc. 488).

Travelers has not filed a declaratory judgment action to determine coverage. Rather, Travelers seeks permissive intervention under Federal Rule of Civil Procedure 24(b) for the purpose of presenting special interrogatories to the jury if Fisher prevails at trial. Plaintiffs and Defendants filed responses in opposition to the motion.

## II.   Standard

Rule 24(b) allows permissive intervention under the following conditions: (i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the

adjudication of the original parties' rights. *See* FED. R. CIV. P. 24(b). The motion must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *See* FED. R. CIV. P. 24(c). In determining whether to permit a third-party to intervene under rule 24(b), the court must consider whether "the intervention would unduly delay or prejudice the adjudication of the rights of the original parties." *Nieto v. Kapoor*, 61 F.Supp.2d 1177, 1195 (D.N.M. 1999) (Vazquez, J.) (quoting FED. R. CIV. P. 24(b)(2)).

### III.     Discussion

Travelers' motion is untimely. The Tenth Circuit has recognized the following factors as being relevant when deciding the timeliness element: "(1) the length of time the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). Here, over three years elapsed between the time Travelers learned of the litigation and when it filed its motion. Notably, Travelers has provided no explanation for the protracted delay. As this case is set for trial in three months, the existing parties would be prejudiced by intervention at this late date. Conversely, Travelers would not be prejudiced because it may file a declaratory judgment action to resolve the coverage issue. Moreover, the coverage question has no bearing on the factual and legal issues in the main action. Indeed, the motion is procedurally defective because it was not accompanied by a pleading setting out a claim or defense. Additionally, the interests of Travelers are antagonistic toward Defendants and would prejudice the adjudication of the rights of the original parties by allowing Travelers to interfere with the trial. *See Nieto,* 61 F.Supp.2d at 1195. Finally, the proposal would be unworkable at trial as it would require the Court to hide the ball and subject the jury to a second deliberation after they have been led to believe their work was finished. For these reasons, Travelers' request will be denied.

**THEREFORE,**

**IT IS ORDERED** that Travelers' Motion for Limited Intervention (Doc. 488) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**