IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FISHER SAND & GRAVEL CO.
d/b/a SOUTHWEST ASPHALT PAVING and
FISHER SAND & GRAVEL – NEW MEXICO, INC.,

      Plaintiff,

vs.                                                       No. 10-cv-0635 RB/SMV

FNF CONSTRUCTION, INC.,
PULICE CONSTRUCTION, INC.,
GARY GIRÓN, individually and as Cabinet Secretary
of the New Mexico Department of Transportation,
MAX VALERIO, individually and as Deputy Secretary
of the New Mexico Department of Transportation,
JED BILLINGS, Chief Executive Officer
of FNF Construction, Inc., and
STEPHEN BASILA, President of
Pulice Construction, Inc.,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court on Defendant FNF Construction Inc.'s (FNF's) Motion to Dismiss No. 5 (Doc. 291). Fisher Sand & Gravel, Co. (FSG) d/b/a Southwest Asphalt Paving and Fisher Sand & Gravel - New Mexico, Inc. (Plaintiffs) oppose this motion. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court **DENIES** this motion.

I.      **Background**

      FSG, FNF, and Pulice Construction, Inc. (Pulice) are competitors in the bidding process for state road construction projects in Arizona and New Mexico. Jed Billings is the Chief Executive Officer of FNF, and Steve Basila is the President of Pulice. After the federal government indicted FSG and three of its former officers for tax fraud, FSG entered into a

Deferred Prosecution Agreement ("DPA") in May 2009. Shortly thereafter, according to Plaintiffs, Pulice and FNF utilized FSG's legal problems in a bad faith effort to defame Plaintiffs' business reputation and convince state authorities in Arizona and New Mexico to refrain from awarding state road construction contracts to Plaintiffs.

On July 6, 2010, Plaintiffs filed suit against Defendants in this Court. (Doc. 1). In the Amended Complaint, Plaintiffs allege claims for civil conspiracy (Count I), defamation (Counts II-IV), injurious falsehood (Counts V-VI), tortious interference with prospective contractual relations (Count VII), prima facie tort (Count VIII), violation of 42 U.S.C. § 1983 (Count IX), violation of the Racketeer Influenced Corrupt Organization Act (RICO) (Count X), and violation of the New Mexico Unfair Practices Act (UFA) (Count XI). (Doc. 81). The Court dismissed the Section 1983 and UPA claims as well as some of the defamation, injurious falsehood, and tortious interference claims (Counts III and IX and portions of Counts IV, VI, and VII).

FNF moves to dismiss all claims based on statements in Pulice's twelve-page letter (Pulice Letter) submitted in support of Pulice's bid protest to the Arizona Department of Transportation (ADOT) on June 17, 2014. Billings forwarded this letter to the New Mexico Department of Transportation (NMDOT) in support of FNF's de facto bid protest. Plaintiffs incorporated the Pulice letter with the Amended Complaint, (Doc. 81, Ex. D), and specified the following statements from the letter in the body of the Amended Complaint:

> (1) "the U.S. Attorney and Inspector General are going to be actively involved in reviewing any decisions made by ADOT regarding Fisher's responsibility";
>
> (2) FSG was "still under criminal investigation," is "very likely" to have "additional charges" brought against it, and was "in material breach of the DPA";
>
> (3) US DOT would not be happy if FSG were awarded a contract because FSG failed to inform US DOT and the "Inspector General" of information required under the DPA," and "[a]warding the Project to Fisher would violate federal regulation and guidance issued by the government since the passage of ARRA."

2

(Doc. 81 ¶ 85).

FNF moves to dismiss all claims based on the statements on the grounds that the statements constitute non-actionable opinion, Plaintiffs pleaded insufficient facts to prove the statements are false, the statements are insufficiently negative, and Plaintiffs cannot rely on the statements as a basis for their claims. Plaintiffs maintain that the statements were defamatory and support their claims.

## II.    Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim for relief that plausibly, not merely possibly, entitles the plaintiff to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). In considering a motion to dismiss, the court must look within the four corners of the complaint and accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). However, the court need not accept legal conclusions contained in the complaint as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III.    Discussion

FNF advances several arguments in support of its motion to dismiss, none of which have merit. First, FNF contends that the statements are non-actionable opinion. To support a claim for defamation, the communication by defendant must contain a statement of fact. N.M. UNIFORM JURY INSTRUCTIONS (Civil) § 13-1004. In contrast, statements of opinion alone cannot give rise

to a finding of defamation. *Id.* However, an opinion which implies that it is based upon the existence of undisclosed facts is the same as a statement of fact. *Id.* In resolving the distinction between fact and opinion, the Court must consider (1) the entirety of the communication and the context in which the communication was made; and (2) whether reasonable persons would be likely to understand the communication to be a statement of the defendant's opinion or a statement of fact. *Id.*; *Marchiondo v. Brown*, 649 P.2d 462, 469 (N.M. 1982). In this case, the challenged statements were made in the context of Pulice's bid protest. When considered with the entirety of the Pulice Letter, the statements were designed to disparage FSG and eliminate FSG as a competitor. Under these circumstances, reasonable persons would understand the communications to be statements of fact. To the extent the statements are couched in terms of opinion, the statements imply that they are based on undisclosed facts. Thus, the statements are actionable and sufficient to state a claim for defamation.

Second, FNF says that it included sufficient facts in the Pulice Letter to support the statements that FSG was "still under criminal investigation" and "in material breach of the DPA." (Doc. 292). As to the assertion that FSG was "still under criminal investigation" the Pulice Letter cited to pages 7-11 of the DPA. (Doc. 81-2, Ex. D). However, pages 7-11 of the DPA describe FSG's cooperation with the Government and do not support the statement that FSG was "still under criminal investigation." (Doc. 81-1, Ex. A). As to the assertion that FSG was "in material breach of the DPA" the Pulice Letter states that the DPA required FSG to comply with a "Code of Business Ethics and Conduct" which in turn required FSG to disclose all material facts about the DPA to any government agency when it submitted a bid. (Doc. 81-2, Ex. D). However, the DPA does not support this statement. The DPA states that the Government acknowledged that FSG had drafted a Code of Business Ethics and Conduct and had agreed to

designate a Compliance Officer to report to the Government on implementation and compliance with the Code of Business Ethics and Conduct. (Doc. 81-1, Ex. A). The DPA does not require disclosure. Therefore, the Pulice Letter misrepresented the meaning of the DPA and did not include sufficient facts to the support the statements.

Third, FNF argues that Plaintiffs pleaded no facts to prove the statements are false. Truth is an affirmative defense to an action for defamation where the plaintiff is a private figure and the subject matter is a private concern. N.M. UNIFORM JURY INSTRUCTIONS (Civil) § 13-1006 use notes; *Jaramillo v. Gonzales*, 50 P.3d 554, 562-63 (N.M. Ct. App. 2002) (citing *Newberry v. Allied Stores, Inc.*, 773 P.2d 1231, 1237 (N.M. 1989)); N.M. Stat. Ann. § 38-2-9 (1978). Because the Court has determined that Plaintiffs are not public figures, (Doc. 176), Plaintiffs need not plead the issue of truth. Rather, this burden is placed on Defendants. In any event, Plaintiffs pleaded sufficient facts to prove the statements were false.

Fourth, FNF asserts that the statements are insufficiently negative to support a claim for defamation. In New Mexico, a corporation may maintain an action for defamation if it has been harmed "by a false imputation about its financial soundness or business ethics." *Coronado Credit Union v. KOAT Television, Inc.*, 656 P.2d 896, 900 (Ct.App.1982). The Pulice Letter asserted that FSG was still under criminal investigation and in material breach of the DPA. (Doc. 81 ¶ 85). Plaintiffs allege that these statements were false. (Doc. 81 ¶¶ 86-88; 193; 198; 211-213; 260; 285; 373). Undoubtedly, the statements were intended to discourage ADOT and NMDOT from awarding state construction contracts to FSG. The statements could have a significant impact on the ability of FSG to obtain state construction contracts and thus were sufficiently negative to support a claim for defamation. Accordingly, Plaintiffs pleaded sufficient facts to state a claim

for defamation based on the statements in the Pulice Letter and Plaintiffs may rely on these allegations to support their claims.

**THEREFORE,**

**IT IS ORDERED** that Defendant FNF's Motion to Dismiss No. 5 (Doc. 291) is **DENIED.**

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**