IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FISHER SAND & GRAVEL CO.**
**d/b/a SOUTHWEST ASPHALT PAVING and**
**FISHER SAND & GRAVEL – NEW MEXICO, INC.,**

     **Plaintiff,**

vs.                                                                                      No. 10-cv-0635 RB/SMV

**FNF CONSTRUCTION, INC.,**
**PULICE CONSTRUCTION, INC.,**
**GARY GIRÓN, individually and as Cabinet Secretary**
**of the New Mexico Department of Transportation,**
**MAX VALERIO, individually and as Deputy Secretary**
**of the New Mexico Department of Transportation,**
**JED BILLINGS, Chief Executive Officer**
**of FNF Construction, Inc., and**
**STEPHEN BASILA, President of Pulice Construction, Inc.,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant FNF Construction Inc.'s (FNF's) and Jed Billings's Motion for Partial Summary Judgment No. 6 (Doc. 577), in which Pulice Construction, Inc. (Pulice) and Stephen Basila join (Doc. 587). Fisher Sand & Gravel, Co. (FSG) d/b/a Southwest Asphalt Paving and Fisher Sand & Gravel – New Mexico, Inc. (Plaintiffs) oppose this motion. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court **DENIES** this motion.

**I.      Background**

FSG, FNF, and Pulice are competitors in the bidding process for state road construction projects in Arizona and New Mexico. Jed Billings is the Chief Executive Officer of FNF, and Steve Basila is the President of Pulice. After the federal government indicted FSG and three of

its former officers for tax fraud, FSG entered into a Deferred Prosecution Agreement ("DPA") in May 2009. Shortly thereafter, according to Plaintiffs, Pulice and FNF utilized FSG's legal problems in a bad faith effort to defame Plaintiffs' business reputation and convince state authorities in Arizona and New Mexico to refrain from awarding state road construction contracts to Plaintiffs.

On July 6, 2010, Plaintiffs filed suit against Defendants in this Court. (Doc. 1). In the Amended Complaint Plaintiffs allege claims for civil conspiracy (Count I), defamation (Counts II-IV), injurious falsehood (Counts V-VI), tortious interference with prospective contractual relations (Count VII), prima facie tort (Count VIII), violation of 42 U.S.C. § 1983 (Count IX), violation of the Racketeer Influenced Corrupt Organization Act (RICO) (Count X), and violation of the New Mexico Unfair Practices Act (UFA) (Count XI). (Doc. 81). The Court dismissed the Section 1983 and UPA claims as well as some of the defamation, injurious falsehood, and tortious interference claims (Counts III and IX and portions of Counts IV, VI, and VII). (Docs. 180, 188, 249, 251).

FNF and Billings now move for summary judgment on Plaintiffs' punitive damages claims, contending that Plaintiffs have failed to establish liability for any wrongful act and denying any knowing wrongdoing. (Doc. 597) at 1–2.

**II.     Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In cases where the moving party will not bear the burden of persuasion at trial, it bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the movant meets this initial

burden, the burden then shifts to the nonmovant to 'set forth specific facts' from which a rational trier of fact could find for the nonmovant." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). When applying this standard, the court examines the record, makes all reasonable inferences, and views the facts in the light most favorable to the non-moving party. *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

**III.     Discussion**

New Mexico law allows recovery of punitive damages for defamation where "the publication of the communication by defendant was made with knowledge of its falsity or with a reckless disregard for whether it was false[.]" N.M. UNIFORM JURY INSTRUCTIONS (Civil) § 13-1011; *see also Marchiondo v. Brown*, 649 P.2d 462, 470–71 (N.M. 1982) (allowing a non-public defamation plaintiff to recover punitive damages upon proof of actual malice).[1]

Defendants FNF and Billings argue that they are entitled to summary judgment because Plaintiffs cannot establish liability for any wrongful act and because FNF and Billings did not engage in any knowing wrongdoing. (Doc. 597) at 2. Defendants are incorrect. This Court's prior rulings firmly establish that summary judgment on the punitive damages claims is unwarranted.

First, the Court denied summary judgment to Pulice and Basila on Counts II and V. (Doc. 682). In doing so, the Court held that a reasonable fact-finder could determine that defamatory statements about Plaintiffs' financial stability were made by Billings and Basila to Floyd Roehrich, ADOT's State Engineer. *Id.* at 5.

Second, the Court denied summary judgment to Billings and FNF on Counts IV and VI. (Doc. 685). The Court held that a reasonable jury could conclude that the Billings' emails to

---

[1] The Court previously held that Defendants have not established that a public controversy existed, and therefore, Plaintiffs are not public figures for the purpose of this litigation. (Doc. 176) at 11–13.

Max Valerio, Deputy Secretary of NMDOT, included defamatory content about whether Plaintiffs had been convicted of a crime. (Doc. 685) at 5. Furthermore, the Court found a jury could reasonably infer that Billings knew the content was false and had acted with actual malice. *Id.* at 6–7.

Viewed in the light most favorable to Plaintiffs, the evidence in the record would allow a reasonable fact finder to conclude that Defendants FNF and Billings published certain communications with knowledge of their falsity or with reckless disregard thereof.

**THEREFORE,**

**IT IS ORDERED** that FNF Construction Inc.'s (FNF's) and Jed Billings's Motion for Partial Summary Judgment No. 6 (Doc. 577) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

4