IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FISHER SAND & GRAVEL CO.**
**d/b/a SOUTHWEST ASPHALT PAVING and**
**FISHER SAND & GRAVEL – NEW MEXICO, INC.,**

    **Plaintiff,**

vs.                                                                                          **No. 10-cv-0635 RB/SMV**

**FNF CONSTRUCTION, INC.,**
**PULICE CONSTRUCTION, INC.,**
**GARY GIRÓN, individually and as Cabinet Secretary**
**of the New Mexico Department of Transportation,**
**MAX VALERIO, individually and as Deputy Secretary**
**of the New Mexico Department of Transportation,**
**JED BILLINGS, Chief Executive Officer**
**of FNF Construction, Inc., and**
**STEPHEN BASILA, President of Pulice Construction, Inc.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants FNF Construction Inc.'s (FNF's) and Jed Billings' Motion for Partial Summary Judgment No. 5 (and/or Motion to Strike): Plaintiffs Cannot Recover Their Claimed Attorney Fees (Doc. 575), in which Pulice Construction, Inc. (Pulice) and Stephen Basila join (Doc. 587). Fisher Sand & Gravel, Co. (Fisher) d/b/a Southwest Asphalt Paving and Fisher Sand & Gravel – New Mexico, Inc. (Plaintiffs) oppose this motion. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court **DENIES** this motion.

**I.      Background**

Fisher, FNF, and Pulice are competitors in the bidding process for state road construction projects in Arizona and New Mexico. Jed Billings is the Chief Executive Officer of FNF, and

Steve Basila is the President of Pulice. After the federal government indicted Fisher and three of its former officers for tax fraud, Fisher entered into a Deferred Prosecution Agreement ("DPA") in May 2009. Shortly thereafter, according to Plaintiffs, Pulice and FNF utilized Fisher's legal problems in a bad faith effort to defame Plaintiffs' business reputation and convince state authorities in Arizona and New Mexico to refrain from awarding state road construction contracts to Plaintiffs.

On July 6, 2010, Plaintiffs filed suit against Defendants in this Court. (Doc. 1). In the Amended Complaint Plaintiffs allege claims for civil conspiracy (Count I), defamation (Counts II-IV), injurious falsehood (Counts V-VI), tortious interference with prospective contractual relations (Count VII), prima facie tort (Count VIII), violation of 42 U.S.C. § 1983 (Count IX), violation of the Racketeer Influenced Corrupt Organization Act (RICO) (Count X), and violation of the New Mexico Unfair Practices Act (UFA) (Count XI). (Doc. 81). The Court dismissed the Section 1983 and UPA claims as well as some of the defamation, injurious falsehood, and tortious interference claims (Counts III and IX and portions of Counts IV, VI, and VII). (Docs. 180, 188, 249, 251). All defendants have raised the affirmative defense of failure to mitigate damages. (Doc. 670 at 27, 35).

FNF and Billings now move for summary judgment on Plaintiffs' claims for attorney fees incurred in legal proceedings that occurred after NMDOT decided to reject all bids on the Las Cruces project. (Doc. 576).

**II.    Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In cases where the moving party will not bear the burden of persuasion at trial, it bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the movant meets this initial burden, the burden then shifts to the nonmovant to 'set forth specific facts' from which a rational trier of fact could find for the nonmovant." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). When applying this standard, the court examines the record, makes all reasonable inferences, and views the facts in the light most favorable to the non-moving party. *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

**III.   Facts**

On June 18, 2009, NMDOT awarded Plaintiffs a multimillion dollar construction contract for a project in Las Cruces. According to Plaintiffs, beginning on June 22, 2009, through July 22, 2009, FNF engaged in written and telephonic communications with NMDOT regarding Fisher and the DPA. (Doc. 81 at ¶¶ 106, 110, 114-119, 122). FNF never submitted an official bid protest, though Fisher posits that FNF's actions constituted a de facto bid protest. (Doc. 81 at ¶ 110). In the course of the ex parte communications between FNF and NMDOT, FNF allegedly made false statements that Fisher had recently been convicted of a crime. (Doc. 81 at ¶ 113). Additionally, FNF allegedly threatened litigation against NMDOT if NMDOT awarded the Las Cruces contract to Fisher. (*Id.*)

On July 22, 2009, NMDOT decided to reject all bids and issued a new request for proposals on the Las Cruces project. (Doc. 566-30 at 3). After the second round of bidding, NMDOT awarded the contract to an unrelated party. (Doc. 81-5 at 18). After filing bid protests that were rejected by NMDOT, Fisher sued NMDOT and NMDOT Cabinet Secretary Gary Girón in state court based on NMDOT's actions in rejecting the initial bids on the Las Cruces project. *See Fisher Sand & Gravel-N.M., Inc. v. N.M. Dep't of Transp.*, No. D-101-CV-200902606 (NMDOT Lawsuit); (Doc. 81-5 at 1). Fisher sought reversal of NMDOT's decision to rebid the Las Cruces project. (Doc. 81-5 at 1–2). Additionally, Fisher sought lost profits related to Las Cruces project, as well as damages related to NMDOT's failure to disclose documents after Fisher made requests under the New Mexico Inspection of Public Records Act (IPRA). After District Judge Sarah M. Singleton determined that NMDOT had improperly rebid the Las Cruces project and had violated the New Mexico Procurement Code by communicating ex parte with FNF, the case settled. None of the Defendants in this case was a party to the NMDOT Lawsuit.

On September 8, 2009, FNF filed a bid protest regarding a separate project in Cibola County, New Mexico. (Doc. 585 at 55; Doc. 576-3). According to FNF, Fisher's bid for the Cibola County project was not timely filed. (Doc. 576-3 at 1).

On December 22, 2011, Fisher brought suit in New Mexico State Court against Johnny Cope, former Chairman of the New Mexico State Transportation Commission, alleging that Cope had assisted FNF with its goal of harming Fisher's reputation and interfering with Fisher's prospective contract with NMDOT over the Las Cruces project. *See Fisher Sand &*

4

*Gravel-N.M., Inc. v. Johnny Cope*, No. D-101-CV-201103855 (Cope Lawsuit). That case is still pending. None of the Defendants in this case is a party to the Cope Lawsuit.

**IV.   Discussion**

Defendants argue on a variety of grounds that any attorney fees incurred in connection with the NMDOT Lawsuit, the Cope Lawsuit, or the Cibola County bid protest are not recoverable in this litigation.  (Doc. 585 at 53–55). Plaintiffs respond that the NMDOT Lawsuit and the Cope Lawsuit were attempts to mitigate damages resulting from FNF's misconduct and the attorney fees are thus recoverable. (Doc. 596 at 2).

   *A.  Attorney fees related to NMDOT Lawsuit*

Defendants argue that Plaintiffs' attempts to recover attorney fees are barred by the American Rule, which requires parties to bear their own litigation costs. (Doc. 585 at 53). They further argue that any costs incurred in the NMDOT litigation are not recoverable because they were not reasonable efforts to mitigate damages. (*Id.* at 54). They posit that legal fees related to the IPRA claims brought in the NMDOT Lawsuit are not recoverable because FNF and Billings are not responsible for NMDOT's failure to provide records. (*Id.*) Additionally, they argue that Plaintiffs' "settlement with NMDOT largely covers the fees they incurred in prosecuting the IPRA claim." (*Id.*) The Court finds all of these arguments unconvincing.

The American Rule normally requires each party to bear its own expenses in litigation in the absence of a fee-shifting statute, court rule, or equitable exception. *See New Mexico Right to Choose/NARAL v. Johnson*, 986 P.2d 450, 454–57 (N.M. 1997); RESTATEMENT (SECOND) OF TORTS § 914(1) (1979).  However, an exception is that "[o]ne who through the tort of another

has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover . . . attorney fees . . . thereby suffered or incurred in the earlier action." RESTATEMENT (SECOND) OF TORTS § 914(2); *see also Albright v. Fish,* 422 A.2d 250, 254 (Vt. 1980) (collecting cases). Additionally, recovery of expenses incurred to mitigate the harm caused by the tortfeasor is normally allowed so long as those expenses are reasonable. RESTATEMENT (SECOND) OF TORTS § 919; *Primetime Hospitality, Inc. v. City of Albuquerque*, 168 P.3d 1087, 1094 (N.M. Ct. App. 2009), *rev'd on other grounds*, 206 P.3d 112 (N.M. 2009).

Defendants fail to demonstrate that the "tort of another" exception to the American Rule is inapplicable. Additionally, they apparently concede that Plaintiffs can recover attorney fees incurred to mitigate damages so long as the attempts to mitigate were reasonable. *See* (Doc. 585 at 54). The NMDOT Lawsuit included an administrative appeal of NMDOT's decision to rebid the Las Cruces project, and the state court noted that it had the authority to re-award the Las Cruces project to Fisher. *See* (Doc. 81-5 at 18). Therefore, a reasonable factfinder could conclude that the NMDOT Lawsuit was a reasonable effort to mitigate damages. As a result, Defendants are not entitled to summary judgment as a matter of law.

Defendants' arguments regarding the IPRA claims are equally unconvincing. Defendants cannot argue that NMDOT's alleged failure to give Fisher the ex parte communications it had with FNF is entirely unrelated to FNF's alleged defamatory statements. But for the communications, there would have been no dispute between Fisher and NMDOT. Additionally, the state court relied on the IPRA claims as alternate grounds in overturning NMDOT's decision

to rebid the project. *See* (Doc. 81-5 at 2). In light of New Mexico's well-established rule that injured parties fail to mitigate damages at their own peril, *see Skeen v. Boyles*, 213 P.3d 531, 540 (N.M. Ct. App. 2009), the Court cannot conclude—as a matter of law—that Plaintiffs' effort in bringing the IPRA claims was unreasonable. That is an issue the jury must decide. Lastly, Defendants' unsupported assertions that Plaintiffs have already been mostly compensated through settlement are insufficient to warrant summary judgment.

### B. Attorney fees related to Cope Lawsuit

Defendants raise similar arguments regarding the Cope Lawsuit. They argue that Plaintiffs cannot recover attorney fees in the Cope Lawsuit because Plaintiffs alleged in that lawsuit that Cope and FNF were jointly and severally liable for depriving Plaintiffs of the Las Cruces contract. (Doc. 647 at 38). Defendants posit that the American Rule bars Plaintiffs from splitting claims by using a second lawsuit to recover attorney fees from a first lawsuit where the same conduct is asserted in both. (*Id.*) Plaintiffs respond that they were forced to file the Cope Lawsuit in order to mitigate damages. (Doc. 596 at 1). Defendants fail to demonstrate that the "tort of another" exception to the American Rule does not apply and that the Cope Lawsuit was not a reasonable effort to mitigate damages. Therefore, the Court will deny summary judgment on this point.

### C. Attorney fees related to the Cibola County bid protest

The Court finds that Defendants' motion for summary judgment on attorney fees related to the Cibola County bid protest is moot. As a preliminary matter, it is not clear that Plaintiffs are even seeking to recover attorney fees related to the Cibola County bid protest. Plaintiffs'

response includes no mention of the Cibola County bid protest and makes no argument supporting recovery of related fees. *See generally* (Doc. 596). Furthermore, while Plaintiffs specifically listed attorney fee damages related to other litigation in their amended complaint and the pretrial order, they included no mention of the Cibola County project. *See generally* (Docs. 81, 670). To the extent that Plaintiffs might now seek attorney fees related to the Cibola County bid protest at this stage, their claims are waived. *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived[.]"). Accordingly, the Court finds that Defendants' motion for summary judgment on this issue is moot and shall be denied.

**THEREFORE,**

**IT IS ORDERED** that FNF Construction Inc.'s and Jed Billings's Motion for Partial Summary Judgment No. 5 (and/or Motion to Strike):  Plaintiffs Cannot Recover Their Claimed Attorney Fees (Doc. 575) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**